JULIE EWING (9910)
Assistant Attorney General
julieewing@utah.gov
MARK L. SHURTLEFF (4666)
Attorney General
160 E. 300 S. Fifth Floor
PO Box 140853
Salt Lake City, Utah 84114-0853
Telephone: (801) 366-0218
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNIVERISTY OF UTAH, UNIVERSITY HEALTHCARE<br>               Plaintiff,<br>v.<br><br>CABINETEC, INC, a Nevada Corporation, CABINETEC HEALTH AND DENTAL PLAN, an ERISA governed health plan, AND GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY, a Colorado Corporation<br><br>               Defendants. | **AMENDED COMPLAINT**<br><br>Civil No: 2:09-cv-37<br><br>Judge: Clark Waddoups<br>[Filed Electronically] |

Plaintiff, University of Utah, University Health Care ("UUHC") files this complaint and alleges:

### PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff, UUHC, is a body politic and corporate with statutory authority to operate the University Hospital, and is registered to do business as University Health Care and is located at 50 North Medical Drive, Salt Lake City, Utah, 84132.

2.     The Defendant, Cabinetec, Inc., ("Cabinetec") is a Nevada Corporation, that has a

1

principal place of business at 2711 E. Craig Road, Bldg. D, Suite A/B, North Las Vegas, Nevada 89030. Cabinetec regularly, systematically, and continuously conducts business in Utah. Cabinetec provides health care coverage to its employees and conducts other aspects of coverage related business in the State of Utah

3. The Defendant, Cabinetec Health and Dental Plan, ("Cabinetec Health") has a principal place of business at 2711 E. Craig Road, Bldg. D, Suite A/B, North Las Vegas, Nevada 89030, and is a program governed by the Employee Retirement Income Security Act of 1974 (ERISA). Cabinetec Health regularly, systematically, and continuously provides health care coverage and conducts other aspects of coverage related business in the State of Utah under the sponsorship of Cabinetec.

4. The Defendant, Great-West Life & Annuity Insurance Company ("Great West") is a Colorado Corporation that has a principal place of business at 8515 E. Orchard Road, Greenwood Village, Colorado 80111, and serves as the agent and third party health care claims administrator for Cabinetec. Great-West regularly, systematically, and continuously conducts business in the State of Utah.

5. At all times relevant to this action, Great West was a Third Party Health Care claims administrator for Cabinetec.

6. Cabinetec, Cabinetec Health and Great West will be referred to collectively herein as the Defendants.

7. Mitchell Baldwin ("Mr. Baldwin") is an adult individual who resides at 400 E. Riverside Drive, Apt. 403, Saint George, Utah 84790.

8. At all times relevant to this action, Mr. Baldwin was a participant in the Cabinetec Health Plan, through his employment at Cabinetec.

9. This is an action being brought by UUHC to collect amounts owed for medical bills resulting from health care services provided to Mr. Baldwin by UUHC for which the Defendants verified that benefits existed, but later refused to pay benefits for.

10. Jurisdiction is present under Utah Code Ann. §78A-5-102.

1. Venue is appropriate pursuant to Utah Code Ann. §78B-13-7.

## FACTUAL BACKGROUND

12. UUHC alleges and incorporates by reference paragraphs 1 through 11 above.

13. Mr. Baldwin received medical treatment from UUHC between March 9, 2005 and May 2, 2005.

14. On March 10, 2005, UUHC verified that Mr. Baldwin was eligible for health care benefits with Great West, and received the authorization number: A238921.

15. On nine separate occasions, UUHC provided clinical updates to Great West regarding Mr. Baldwin's stay and medical treatment at UUHC. Those clinical updates were sent on March 11, 2005, March 18, 2005, March 28, 2005, March 25, 2005, April 1, 2005, April 12, 2005, April 21, 2005, April 29, 2005 and May 4, 2005.

16. On June 1, 2005 UUHC submitted its charges in the amount of $353,352.48 to Great West, by and through their agent United Resource Network ("URN").

17. On October 21, 2005, a UUHC account representative spoke with Desiree Reimer at URN, who indicated that UUHC's claim would be processed.

3

18. Seven months later on May 12, 2006, UUHC received an email from URN stating that UUHC's claim would be processed.

19. The Defendants had constructive and/or actual notice that UUHC had made a claim for reimbursement.

20. On June 20, 2006, Great-West issued an explanation of benefits denying UUHC's claim for reimbursement because it was not submitted to UNR within the timely filing period of one year.

21. To date, the Defendants have only reimbursed UUHC $2,861.89, for the medical treatment it rendered to Mr. Baldwin.

## FIRST CAUSE OF ACTION
**Breach of Contract**

22. UUHC alleges and incorporates by reference paragraphs 1 through 22.

23. On March 10, 2005, UUHC and Great West formed a contract for UUHC to provide medical treatment to Mr. Baldwin in return for payment from Great West.

24. The Defendants breached its obligations between the parties by failing to make payment to UUHC in the amount of $353,352.48.

## SECOND CAUSE OF ACTION
**Breach of Contract Implied in Fact**

25. UUHC alleges and incorporates by reference paragraphs 1 through 24.

26. In the alternative, the parties' conduct gives rise to a contract implied in fact.

27. It is industry custom for medical providers, such as UUHC, when providing

comprehensive medical treatment to a patient, to verify health insurance coverage before providing services.

28. It is also industry custom for employers and health insurers, such as the Defendants, to provide authorizations to providers, such as UUHC, so that a patient may obtain health care.

29. The Defendants, by way of their authorization, requested that the Plaintiff provide medical treatment to Mr. Baldwin.

30. UUHC expected the Defendants to compensate for the services rendered to Mr. Baldwin.

31. The Defendants knew or should have known that UUHC expected compensation for the services it rendered to Mr. Baldwin.

32. The Defendants breached their obligations under the contract implied in fact between the parties.

### THIRD CAUSE OF ACTION
### Breach of Contract Implied in Law

33. UUHC alleges and incorporates by reference paragraphs 1 through 32.

34. In the alternative, the parties' conduct has given rise to a contract implied in law.

35. UUHC provided a benefit, in the form of medical treatment to Mr. Baldwin.

36. The Defendants had an appreciation and knowledge of the benefit conferred.

37. The Defendants have delayed the processing of UUHC's claim and have erroneously denied payment of UUHC's claim.

38. The Defendants have refused to make full payment for the value of UUHC's services that were rendered to Mr. Baldwin.

39. It would be unjust for the Defendants to retain the value of the services provided by UUHC to Mr. Baldwin.

**FOURTH CAUSE OF ACTION**
**Promissory Estoppel**

40. UUHC alleges and incorporates by reference paragraphs 1 through 39.

41. UUHC acted with prudence and with reasonable reliance on the promises made by the Defendants, i.e., UUHC provided treatment to the Defendants' insured, Mr Baldwin, based on representations made by the Defendants during the benefit verification process and the claims process.

42. The Defendants knew that UUHC relied on the promises, which the Defendants should reasonably have expected to induce action or forbearance on the part of UUHC.

43. The Defendants were aware of all material facts.

44. UUHC relied on the Defendants' promises and the reliance resulted in a loss to UUHC.

**FIFTH CAUSE OF ACTION**
**Negligent Misrepresentation**

45. UUHC alleges and incorporates by reference paragraphs 1 through 44.

46. The Defendants carelessly or negligently made false or misleading statements to UUHC when they verified that Mr. Baldwin's treatment was a covered benefit, and when they provided an authorization number for treatment.

47. The Defendants continued to make false or misleading statements to UUHC when they stated that they had received UUHC's claim for reimbursement and that the claim would be sent for processing.

48. UUHC relied on the Defendants' statements.

49. UUHC suffered a loss in the amount of $353,352.48 as a result of the Defendants' negligent misrepresentations.

**WHEREFORE**, UUHC prays for judgment against the Defendants, on all causes of action, for the sum of $353,352.48, together with pre and post judgment interest, court costs, reasonable attorney fees, and for such other relief as the Court deems equitable.

DATED this 14th day of, May 2009

MARK L. SHURTLEFF
Attorney General

　/s/ Julie Ewing
JULIE EWING
Assistant Attorney General
Attorney for Plaintiff

Plaintiff's Address:
University Healthcare
Patient Billing and Financial Services
127 South 500 East, Suite 400
Salt Lake City, Utah 84102

End of Document