SNOW JENSEN & REECE
Lewis P. Reece [5785]
lreece@snowjensen.com
Matthew J. Ence [9865]
mence@snowjensen.com
*Attorneys for Defendants CabineTec, Inc. and CabineTec Health and Dental Plan*
Tonaquint Business Park, Bldg. B
912 West 1600 South, Suite 200
St. George, Utah 84771-2747
Telephone (435) 628-3688
Facsimile (435) 628-3275

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNIVERSITY OF UTAH, UNIVERSITY HEALTHCARE,<br><br>Plaintiff,<br><br>v.<br><br>CABINETEC, INC., a Nevada Corporation, CABINETEC HEALTH AND DENTAL PLAN, an ERISA governed health plan, AND GREAT-WEST HEALTHCARE, INC., a Nevada Corporation,<br><br>Defendants.<br><br>GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY, a Colorado corporation,<br><br>Cross-Complainant and Third Party Plaintiff, | **ANSWER TO GREAT-WEST'S CROSS CLAIM AGAINST CABINETEC, INC., AND CABINETEC HEALTH AND DENTAL PLAN AND CROSS CLAIM AGAINST GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY**<br><br>Civil No.: 2:09-cv-37<br><br>Judge: Clark Waddoups |

|   |   |
|---|---|
| v.<br><br>CABINETC, INC, a Nevada Corporation, and CABINITE HEALTH AND DENTAL PLAN, and ERISA governed health plan,<br><br>    Cross-Complaint Defendants,<br><br>and<br><br>UNITED RESOURCE NETWORKS, a Delaware corporation, and OPTUMHEALTH, INC., a Delaware corporation,<br><br>    Third-Party Defendants. |   |

Defendants' and Cross-Complaint Defendants' CabineTec, Inc. and CabineTec Health and Dental Plan (collectively "CabineTec"), by and through counsel, the law firm of Snow Jensen & Reece, hereby admit, deny and otherwise allege in answer to the Cross-Complaint against CabineTec filed by Great-West Life and Annuity Insurance Company, (hereinafter "Great West").

FIRST AFFIRMATIVE DEFENSE

The Cross Claim of Great West fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

CabineTec specifically answers and alleges in response to the numbered paragraphs in Great West's Cross Claim as follows:

1.    Answering paragraph 1, CabineTec admits that a contract existed between CabineTec and Great West. CabineTec does not admit the specific terms of the contract, but

leaves that for proof at trial. CabineTec otherwise is without knowledge as to the specific allegations in paragraph 1 of the Cross Claim and therefore denies the same leaving Great West to its proof.

2. Admitted.

3. Answering paragraph 3, CabineTec is without sufficient knowledge to either admit or deny the allegations of paragraph 3 of the Cross Claim, and therefore it denies the same, leaving Great West to its proof.

4. Admitted.

5. Answering paragraph 5, CabineTec admits that it had an agreement with Great West, which may or may not include all of the terms and conditions set forth in the exhibits attached to the Cross Claim. Other terms of that agreement may be established through course of dealing between the parties, and other verbal or written communications between them that constitute a part of the parties' contract. CabineTec denies the remaining allegations of paragraph 5 of the Cross Claim.

6. Answering paragraph 6, CabineTec admits that there was an agreement between the parties, but the exact terms of the agreement, including processing of claims, may not be reflected in all appendices attached to the Cross Claim. Those may be further established through a course of dealing between the parties, course of performance, correspondence, and so forth. Except as admitted herein, CabineTec denies the remaining allegations of paragraph 6 of the Cross Claim.

7. Answering paragraph 7, CabineTec admits that an agreement existed between CabineTec and Great West regarding health insurance coverage and processing of claims. That agreement may or may not be fully set forth in the addenda to the Cross Claim. Part of that agreement may be established in the course of dealing between the parties and other correspondence. CabineTec denies the remaining allegations of paragraph 7 of the Cross Claim.

8. Answering paragraph 8, CabineTec admits that there was an agreement between CabineTec and Great West. The specific terms of that agreement will be more fully set forth at trial. CabineTec denies the remaining allegations set forth in paragraph 8.

9. CabineTec admits that there was an agreement between CabineTec and Great West. The specific terms of that agreement are not fully set forth in the exhibits attached to the Cross Claim, but may include course of performance and course of dealings between the parties as well as other correspondence and other modifications to the parties' agreements. The parties' agreement will be established at trail. CabineTec denies the remaining allegations of this paragraph.

10. Denied.

11. Answering paragraph 11, CabineTec admits that it terminated its arrangement with Great West and that Exhibit E attached to the Cross Claim is a true and correct copy of a letter from CabineTec to Great West. The letter speaks for itself. CabineTec denies all the remaining allegations set forth in paragraph 11.

12. Denied.

13. Denied. CabineTec further alleges that it has paid all money due Great West to complete all Great West's obligations including those beyond February, 2006.

14. Answering paragraph 14, CabineTec alleges that it paid all sums the parties agreed were due Great West. Further, the parties in no event waived or settled any breaches or failures to perform under the parties' contract. CabineTec was not made aware of this present matter until over one year after the verified stipulation and confession of judgment was agreed upon. CabineTec denies the remaining allegations set forth in this paragraph.

15. Answering paragraph 15, CabineTec admits that Mitchell Baldwin was a former employee of CabineTec and a participant of the CabineTec health plan while employed. CabineTec denies the remaining allegations set forth in paragraph 15 and leaves Great West to its proof.

16. Answering paragraph 16, CabineTec is without sufficient information to either admit or deny the allegations of paragraph 16, and therefore denies the same, leaving Great West to its proof.

17. Answering paragraph 17, CabineTec is without information sufficient to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West to its proof.

18. Answering paragraph 18, CabineTec is without sufficient information to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West and UUHC to their proof.

19. Answering paragraph 19, CabineTec is without sufficient information to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West and UUHC to their proof.

20. Answering paragraph 20, CabineTec is without information sufficient to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West to its proof.

21. Answering paragraph 21, CabineTec is without information sufficient to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West to its proof.

22. Answering paragraph 22, CabineTec is without information sufficient to either admit or deny the allegations set forth therein, and therefore CabineTec denies the same, leaving Great West to its proof

23. Answering paragraph 23, CabineTec admits that its plan was self-funded. CabineTec denies the remaining allegations set forth in paragraph 23.

24. Answering paragraph 24, CabineTec incorporates its answers in previous paragraphs 1 through 23 as though fully set forth herein.

25. Denied.

26. Answering paragraph 26, CabineTec alleges that the documents speak for themselves and therefore CabineTec denies the allegations set forth in paragraph 26. CabineTec further alleges that any loss or damages associated with this matter were not attributable to any act or omission of CabineTec.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Answering paragraph 35, CabineTec incorporates its answers in paragraphs 1 through 34 above.

36. The allegations set forth in paragraph 36 are legal conclusions and no answer is thus required.

37. CabineTec admits that CabineTec and Great West had an agreement, some of which is reflected in the ASA and Excess Loss Policy documents, some of which is reflected in course of dealings, course of performance, and other oral and written communications between the parties. CabineTec denies the remaining allegations set forth in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Answering paragraph 41, CabineTec incorporates its allegations and responses set forth in paragraphs 1 through 40 above.

42. Answering paragraph 42, CabineTec denies the same, and specifically alleges that under the terms of the parties' agreement as alleged in CabineTec's Cross Claim, that Great West has an obligation to indemnify CabineTec in this action.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Answering paragraph 48, CabineTec reincorporates its answers set forth in paragraphs 1 through 47 above.

49. Denied.

50. Answering paragraph 50, CabineTec is without sufficient information to either admit or deny the same and therefore denies the same leaving Great West to its proof.

51. Denied.

52. Denied.

53. Denied.

54. Answering paragraph 54, CabineTec admits that this court should allocate fault between the parties, but alleges that the court should find no fault with CabineTec. CabineTec denies the remaining allegations set forth in paragraph 54.

55. Answering paragraph 55, CabineTec reincorporates its allegations in response to paragraphs 1 through 54 of the Cross Complaint.

56. Answering paragraph 56, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

57. Answering paragraph 57, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

58. Answering paragraph 58, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

59. Answering paragraph 59, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

60. Answering paragraph 60, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

61. Answering paragraph 61, CabineTec reincorporates its answers in response to paragraphs 1 through 60 of the Cross Claim.

62. Answering paragraph 62, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

63. Answering paragraph 63, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

64. Answering paragraph 64, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

65. Answering paragraph 65, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

66. Answering paragraph 66, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

67. Answering paragraph 67, CabineTec reincorporates its answers in response to paragraphs 1 through 66 of the Cross Claim.

68. Answering paragraph 68, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

69. Answering paragraph 69, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

70. Answering paragraph 70, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

71. Answering paragraph 71, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

72. Answering paragraph 72, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

73. Answering paragraph 73, these allegations are not directed against CabineTec and therefore CabineTec denies the same.

74. CabineTec realleges its allegations set forth in paragraphs 1 through 73 of this Cross Claim.

75. CabineTec agrees that an agreement existed between the parties and that this court should declare and allocate the fault between the parties. CabineTec further alleges that the court should find and declare no fault against CabineTec.

76. Answering paragraph 76, this allegation is not directed against CabineTec, and therefore CabineTec denies the same.

77. Denied.

78. Answering paragraph 78, CabineTec denies the same. CabineTec further alleges that Great West should pay CabineTec's attorney's fees and costs in this action.

79. Answering paragraph 79, CabineTec alleges that the court should make a judicial determination but denies the remaining allegations set forth therein. CabineTec further alleges that the court should declare CabineTec is without fault in this matter and has no liability to Great West, Plaintiff, or anyone else regarding the facts of this matter.

80. Except as expressly admitted herein, CabineTec denies each and every other allegation set forth in this Cross Claim, including claims set forth in the prayer for relief.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that any damages or wrongs alleged by Great West have resulted from Great West's own acts or omissions or those acts and omission of Great West's agents, including URN.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that Great West has an obligation to indemnify CabineTec and that any damages due Great West from CabineTec, if any, are subject to set off.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that Great West's claims against CabineTec should be asserted against other entities or persons including those not a party to this lawsuit. All of those at fault should have their fault allocated against them.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that Great West failed to mitigate its damages when it had the opportunity to do so, and therefore Great West's claims should be denied or reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that Great West's claims are barred by the equitable doctrines of accord and satisfaction, waiver, release, laches, unclean hands, and equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that the harm to Great West was caused by conditions over which CabineTec had no control or responsibility, and by the negligence or failure to act by Great West or other persons or entities, and therefore, to that extent, Great West's claims are barred.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West has failed to allege facts necessary to sustain a claim for consequential or incidental damages, and that Great West should therefore be denied those forms of relief.

## TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West did not reasonably rely upon any representation of CabineTec or of an agent of CabineTec to Great West's detriment; and further that Great West was in a better position to know the facts than was CabineTec and that Great West had a pecuniary interest in the matter.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West's claims are time barred.

## TWELVETH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West failed to plead special damages with particularity as required by Utah R. Civ. P. 9(g), and therefore Great West's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West failed to plead fraud or misrepresentation with particularity as required by Utah R. Civ. P. 9(b), and therefore, Great West's claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec alleges that Great West's claims are barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, CabineTec asserts that it may have additional defenses not now known to it, but which may be discovered during the course of these proceedings. CabineTec does not waive any such defenses, and specifically reserves the right to amend and plead such defenses as they become known to CabineTec. CabineTec further reserves the right to add additional causes of action and bring third party complaints where appropriate.

Wherefore, CabineTec prays that Great West's cross claim be dismissed with prejudice and on the merits, that Great West take nothing thereby, and that CabineTec be awarded its attorney's fees and costs.

## CROSS CLAIM

CabineTec, Inc. cross claims against Defendant Great West as follows:

## JURISDICTION AND VENUE

1. Cross-Claim Plaintiff, CabineTec, is a Nevada corporation with its principal place of business in Nevada.

2. Upon information and belief, Cross-Claim Defendant, Great West is a Colorado Corporation that has its principal place of business in Colorado.

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1441(a).

## FACTUAL BACKGROUND

5. On or about March 10, 2004, CabineTec and Great-West entered into an Administrative Services Agreement and Excess Loss Insurance agreement.

6. The agreement between CabineTec and Great West was further modified by the parties' course of dealing, course of performance, and other oral and written agreements between the parties.

7. Pursuant to the contract entered into with Great-West, Great-West agreed to provide claims processing in accordance with the contract and stop loss insurance.

8. Pursuant to the contracts entered into with Great-West, Great-West contracted to provide excess loss insurance against catastrophic claims exceeding $40,000 for a single plan participant.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

9. CabineTec incorporates all other allegations in this Answer and Cross Claim by reference.

10. This cause of action is pled in the alternative and in the event that Plaintiff (hereinafter "UUHC") can prove certain allegations in its Complaint, and CabineTec does not waive any of its defenses against UUHC or admit any allegations by UUHC that it timely submitted charges that were eligible for payment under CabineTec's health care plan.

11. A contract existed between Great-West for the administration of benefits and for excess loss coverage.

12. Plaintiff, University of Utah, University Healthcare ("UUHC") has alleged that Great-West was aware of potential claims to CabineTec's health care plan as early as March 10, 2005, was continually provided with notice of pending charges through clinical updates thereafter, and that charges were submitted for payment to Great West on June 1, 2005 in the amount of $353,352.48.

13. Great-West breached its contract with CabineTec by failing to process UUHC's claims in a timely manner and otherwise failing to reimburse CabineTec for the amount paid or due to UUHC in excess of $40,000. Great-West further breached its contract with CabineTec by failing to act in good faith. Great West breached its contract with CabineTec by failing to give CabineTec any notice of UUHC's claims. The conduct of Great West and its agents, specifically including URN, was inaccurate, dismissive of CabineTec's interests and dishonest.

14. CabineTec has been damaged by Great-West's breach, which damages include but are not limited to damages payable to UUHC resulting from Great-West's failure to process or otherwise pay claims, as well as consequential damages to CabineTec such as costs of suit and fees in this matter, other incidental damages, and so forth.

15. Wherefore, CabineTec prays for judgment against Great-West in an amount to be established upon proof, plus interest both before and after judgment at the highest legal rate, plus attorney's fees and costs, plus other consequential and incidental damages, and further that Great West indemnify CabineTec from any loss or liability connected with this matter whatsoever.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

16. CabineTec incorporates all other allegations in this Answer and Cross Claim by reference.

17. This cause of action is pled in the alternative and in the event that UUHC can prove certain allegations in its Complaint, and CabineTec does not waive any of its defenses against UUHC or admit any allegations by UUHC that it timely submitted charges that were eligible for payment under CabineTec's health care plan.

18. Great-West owed a fiduciary duty to CabineTec in the administration of claims presented to it.

19. Great-West breached its fiduciary duty by failing to process claims properly relating to CabineTec's health care plan and/or its employees, not informing CabineTec of those claims, and otherwise not paying claims that were due.

20. CabineTec has been harmed by Great-West's breach of its fiduciary duty.

21. Wherefore, CabineTec prays for judgment against Great-West in an amount to be established upon proof, plus interest both before and after judgment at the highest legal rate, plus attorney's fees and costs, plus other consequential and incidental damages.

## THIRD CAUSE OF ACTION
### (Bad Faith Failure to Settle or Compromise)

22. CabineTec incorporates all other allegations of this Answer and Cross Claim by reference.

23. Great-West owes a duty under contract with CabineTec to act in good faith and to settle or compromise claims brought against CabineTec and otherwise answer the ends and purposes of the agreement between CabineTec and Great-West, specifically including but not limited to protecting CabineTec from claims such as the one brought by Plaintiff herein.

24. Great-West breached that duty and has acted in bad faith or at least not acted in good faith in settling Plaintiff's claim and otherwise compromising with Plaintiff for the protection of CabineTec.

25. Great-West's breach has caused CabineTec damages in an amount to be proven at trial, including but not limited to damages arising in connection with this action, plus consequential and incidental damages, such as attorney's fees, costs, interest, expert fees, other expenses and other penalties, if any, either awarded to Plaintiff and/or awarded against CabineTec, or otherwise incurred by CabineTec in connection with this matter.

26. CabineTec is entitled to judgment against Great-West for these damages in an amount to be established upon proof, plus interest thereon at the highest legal rate both before and after judgment, plus attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, CabineTec prays for judgment as follows:

1. For general damages to be determined at trial;

2. For an order that Great-West pay all damages awarded to UUHC and otherwise indemnify CabineTec in full for all losses it incurs in this action;

3. For consequential and incidental damages;

4.  For attorney's fees and costs, including fees and costs on collection; and

5.  For such other and further relief as the Court deems just and proper.

DATED this 11th day of August, 2009.

                              SNOW JENSEN & REECE

                              /s/ Lewis P. Reece
                              Lewis P. Reece
                              *Attorney for Defendants CabineTec, Inc. and CabineTec Health and Dental Plan*

## CERTIFICATE OF MAILING

I hereby certify that on this  11th  day of August, 2009, I electronically filed the foregoing ANSWER TO CROSS COMPLANT with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

[  ] FEDERAL EXPRESS    Julie Ewing, Esq.
[  ] U.S. MAIL    Mark L. Shurtleff
[  ] HAND DELIVERY    Attorney General
[  ] FAX    160 E. 300 S. Fifth Floor
[  ] TRANSMISSION    PO Box 140853
[X] E-FILING    Salt Lake City, UT 84114-0853
[  ] E-MAIL

[  ] FEDERAL EXPRESS    Bryan K. Bernard, Esq.
[  ] U.S. MAIL    HOLLAND & HART
[  ] HAND DELIVERY    60 East South Temple, Suite 2000
[  ] FAX    Salt Lake City, UT 84111
[  ] TRANSMISSION
[X] E-FILING
[  ] E-MAIL

        /s/ Lewis P. Reece
        Lewis P. Reece